# IN THE SUPREME COURT OF THE STATE OF NEVADA

JUSTIN RANDALL OWENS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71532

**FILED**

JUN 08 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This an appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

In the underlying case, appellant Justin Owens was convicted of three felonies, adjudicated as a habitual criminal, and sentenced to serve concurrent prison terms totaling 72-240 months in the aggregate. However, the district court did not swear in the jury venire before excusing the jury at the end of the first day of trial. On appeal, Owens argues (1) the district court's failure to swear in the jury venire constitutes structural error, (2) case law establishing such a failure as structural error applies retroactively, and (3) his prior counsel's failure to raise these claims constitutes ineffective assistance of counsel.[1]

"[A] district court commits structural error when it fails to administer an oath to the jury panel, pursuant to NRS 16.030(5), prior to commencing voir dire." *Barral v. State*, 131 Nev. 520, 521, 353 P.3d 1197, 1197 (2015). Owens argues that, because the district court committed structural error, his substantial rights were necessarily affected, thus

---

[1]Due to the nature of Owens' arguments and our holding in this matter, we need not address the second issue.

18·21952

entitling him to automatic reversal of his conviction. He is incorrect. Under Nevada law, as recognized in *Jeremias v. State,* a plain error affects a defendant's substantial rights only when it causes actual prejudice or a miscarriage of justice. 134 Nev., Adv. Op. 8, 412 P.3d 43, 49 (2018). This is true both on direct and postconviction appeals. Here, because the defense did not object to the district court's failure to swear in the jury prior to voir dire and because Owens conceded at oral argument that he had failed to show prejudice or fundamental unfairness from the error, Owens is not entitled to relief. Additionally, where there is no showing of fundamental unfairness from an error, a claim for ineffective assistance necessarily fails. *See Weaver v. Massachusetts*, 582 U.S. \_\_, 137 S. Ct. 1899, 1911 (2017) (holding that "fundamental [un]fairness" must be shown in order to demonstrate ineffective assistance of counsel even where plain error was structural).[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, CJ.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

---

[2]We have considered Owen's other arguments, including his contention that this matter should be remanded for an evidentiary hearing, and conclude they lack merit.

cc: Hon. Douglas Smith, District Judge
Harper Selim
The Law Office of Travis Akin
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk